IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RANDALL C. CHANEY,
ADC #162905                                                                                           PLAINTIFF

v.                               No: 5:17-cv-00165 KGB-PSH

WILLIAM STRAUGHN,
KENNETH STARKS,
MICHAEL BOLEN, and
JERRY RAWSON                                                                                         DEFENDANTS

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I. Introduction**

Plaintiff Randall Chaney filed a complaint pursuant to 42 U.S.C. § 1983 on June 16, 2017, alleging that Defendants violated his constitutional rights (Doc. No. 1). Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Chaney had not exhausted his claims against them before he filed this lawsuit (Doc. Nos. 51-53). Chaney filed responses to Defendants' motion and statement of facts (Doc. Nos. 56-57). Defendants filed a

Reply to both of Chaney's responses (Doc. Nos. 58 & 59). The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to summary judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Analysis

Defendants argue that they are entitled to summary judgment because Chaney failed to exhaust his administrative remedies as to them before he filed this lawsuit. In support of their

motion for summary judgment, Defendants submitted: a copy of Administrative Directive 14-16 which outlines the ADC inmate grievance procedure; a declaration of Barbara Williams, the ADC's Grievance Compliance Officer; documents pertaining to Chaney's two relevant grievances, CU-17-00420 and CU-17-00850; a declaration of Nurzuhal Faust, a Warden of the Ouachita River Correctional Unit; a copy of the ADC's orientation program checklist; and a copy of the Ouachita River Correctional Unit Inmate and Handbook Acknowledgement form signed by Chaney (Doc. Nos. 51-1 – 51-4 & 58-1 – 58-3).

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Pursuant to the ADC's grievance policy (Administrative Directive 14-16), inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 51-1 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the

issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director. *Id.* at 10-11. Once that person responds, the grievance process is exhausted. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

Chaney alleges in his complaint that Defendants violated his Eighth Amendment rights by failing to protect him from two separate attacks by other inmates while he was housed at the Cummins Unit. The first assault occurred on February 1, 2017, and the second occurred on March 10, 2017. *See* Doc. No. 1 at 4-6. According to Williams' declaration, Chaney failed to exhaust because he did not complete the grievance process with respect to the grievances he filed related to the subject of this lawsuit. *See* Doc. No. 51-2 at 3. In his complaint and response to Defendants' motion for summary judgment, Chaney acknowledges that he did not exhaust his two grievances by appealing to all levels within the grievance procedure. *See* Doc. Nos. 1 & 56. He appears to claim, however, that he was prevented from complying with the grievance procedure because he was not given a copy of the rules applicable to the process. Doc. No. 56, page 1.

The first grievance related to Chaney's complaint, CU-17-00420, was filed March 17, 2017. Doc. No. 51-3. In it, Chaney states:

4

> I don't want to cell with anyone due to the fact there is a hit out on me because I have a sex charge on 2-1-17. I was beat down by 5 people and on 3-10-17 another inmate tried to fight me. I am in fear for my life and I am letting you know if something else happens to me I will be taking legal action.

*Id.*[1] In response to the informal grievance, staff stated "You are housed commensurate with your classification; you will not be housed with any enemies listed on your enemy alert." *Id.* Chaney proceeded to file a formal grievance on March 21, 2017. *Id.* Williams concluded that this grievance was not properly exhausted because Chaney did not appeal the decision to the Deputy Director as required by the ADC grievance procedure. *See* Doc. No. 51-2 at 3. It is not clear whether or not Chaney received a response to the formal grievance.[2]

Chaney's second grievance related to his complaint, CU-17-00850, was filed on June 12, 2017. Doc. No. 53-4. In it, he states:

> [O]n 6-10-17 I was told by [an inmate] that Sgt. Bolan told him on 2-1-17 that the ADC knew that I was supposed to get attacked because of my charge and they failed to inform me, put me in protective custody, and failed to protect me in any way and something needs to be done. I want to be transferred because of this plus I have a $350.00 hit. I got a letter that proves this from one of my attackers.

*Id.* In response, the problem solver stated "Sgt. Bolen stated that he didn't say anything like that to anybody because he doesn't know anything like that." *Id.* Chaney proceeded to file a formal grievance on June 17, 2017. *Id.* Williams' declaration states that this grievance was rejected at the unit level as a non-grievable transfer issue. *See* Doc. No. 51-2 at 3. She also states that the grievance was rejected at the appeal level because Chaney did not attach his unit level grievance

---

[1] Although this grievance is related to this lawsuit, it does not name any of the defendants in this case or allege that they knew he was in danger and failed to protect him.

[2] It would be helpful to the Court's analysis to have the entirety of the relevant grievances, including responses and/or rejection notices.

5

form to his appeal and the appeal was subsequently rejected.[3] *Id*. Chaney acknowledges in his response that he did not attach the unit level grievance form. *See* Doc. No. 56 at ¶3.

Chaney asserts two reasons that his failure to exhaust should be excused. First, he claims that he did not know the grievance process, and was never given a copy of the rules. Second, Chaney argues that he did not have to exhaust because his life was in danger. *See* Doc. No. 56. As to Chaney's second argument, the Court notes that Chaney marked his first grievance as an emergency. *See* Doc. No. 51-3. However, the ADC grievance procedures do not excuse the exhaustion requirement when an inmate claims that his life is in danger; instead, an inmate is instructed to indicate that his or her grievance is an emergency by filling in the date by the "Emergency Grievance" line on the grievance form. *See* Doc. No. 51-1 at 6.[4] Additionally, there is no imminent danger exception to the PLRA's exhaustion requirements. *See Johnson v. Russell*, No. 5:15CV00129-JLH-JJV, 2015 WL 4506412, at *3 (E.D. Ark. July 23, 2015) ("The Eighth Circuit has excepted inmates from PLRA exhaustion compliance in two circumstances, namely 'when prison officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures.'") (quoting *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted)). Thus, Chaney's claim that he should be excused from exhausting both grievances because his life was in danger should fail.

As stated above, Chaney also argues that he should be excused from exhausting his grievances because he did not know the grievance process, and was never given a copy of the rules. The affidavit of the Warden of the Ouachita River Unit, however, provides evidence to the

---

[3] The ADC grievance procedures require that an inmate appealing from the warden's decision at the unit level must include the original unit level grievance form. If that form is not submitted with the appeal, the appeal may be returned to the inmate as rejected. Doc. No. 51-1 at 11.

[4] Although Chaney marked this grievance as an emergency, it does not appear to have been treated as such, and he proceeded to Step Two. *See* Doc. No. 51-3.

contrary. It states that Chaney participated in an ADC orientation session upon his incarceration there on February 9, 2016, more than a year before the events giving rise to this litigation; that the orientation covered grievance procedures; that Chaney received a copy of the ADC Inmate Handbook and the Unit Orientation packet; that the Handbook and Orientation packet provided instructions about grievance procedures; and that Chaney signed a document acknowledging completing orientation and receiving the Inmate Handbook. Doc. No. 58-1. *See also* Doc. Nos. 58-2 – 58-3. Chaney has not disputed these facts. Additionally, Chaney has not claimed that any of the defendants took any action that prevented him from exhausting his grievances. He does not allege that he requested information about grievance procedures and was refused such information by any of the defendants. He does not claim that the appropriate forms were not made available to him. Chaney's incorrect beliefs about whether he could appeal or whether he was excused from the exhaustion requirement are immaterial. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). He was clearly aware that a grievance procedure was available to him. Accordingly, Chaney was required to properly exhaust his administrative remedies. *See Lyon v. Vande Krol,* 305 F.3d 806 (8th Cir. 2002).

To exhaust his March 17, 2017 grievance (CU-17-00420), Chaney was required to appeal the unit level grievance response (or lack thereof) to the deputy director. The undisputed evidence establishes that he failed to do so. Thus, any claims based on that grievance must be dismissed because the PLRA requires a prisoner to complete all stages of the prison's grievance procedure. *See Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) (finding incomplete exhaustion when a prisoner failed to pursue the "grievance process to its final stage").

Chaney attempted to appeal his June 12, 2017 grievance (CU-17-00850), but it was rejected because he did not attach his initial grievance form to his appeal as required by the ADC grievance

7

procedures. *See* Doc. No. 56. The PLRA requires compliance with prison grievance procedures to properly exhaust. *See Jones v. Bock*, 549 U.S. at 218. Thus, any claims based on this grievance must be dismissed as well.

Finally, in addition to Chaney's failure to complete the grievance process, Chaney also failed to name Defendants Straughn, Starks, or Rawson in either grievance as required by the ADC's grievance policy. *See* Doc. Nos. 51-3 & 51-4.

Chaney has not exhausted his administrative remedies with respect to the claims raised in this lawsuit. Accordingly, there are no issues of material fact in dispute, and Defendants are entitled to summary judgment.

## IV. Conclusion

Because Chaney did not exhaust available administrative remedies before initiating this lawsuit, Defendants should be awarded summary judgment, and Chaney's claim(s) against them should be dismissed without prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

DATED this 23rd day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE